294

13439

EX PARTE JOHNSON
DAVENPORT *ET AL.* v. COLLINS *ET AL.*

(164 S. E., 847)

*Messrs. Lyles & Daniel* and *T. F. McDow,* for appellants,

*Mr. Harvey W. Johnson,* for respondent.

June 30, 1932.

The opinion of the Court was delivered by Mr. W. C. COTHRAN, Acting Associate Justice.

We adopt the following statement of the facts of this case appearing in the transcript of record:

"The petitioner, Harvey W. Johnson, was appointed guardian *ad litem* for Ethel Lillian Collins, *non compos mentis,* Kathleen Collins, Mildred Collins, Miriam Collins and Dorothy Collins, minor children, of John D. Collins, deceased, in an action brought by *Lena C. Davenport et al. v. Robert E. L. Collins et al.,* for the construction of the will of John D. Collins, deceased.

"Petitioner represented Kathleen Collins as guardian *ad litem* from February 14, 1927, until she attained her majority about the first of October, 1928. He represented all the other minor children from February 14, 1927, until January 15, 1930, at which time upon his petition to the Probate Court for Spartanburg County, he was discharged as guardian *ad litem,* which petition was filed after such a request on the part of Mildred Collins, Miriam Collins and Dorothy Collins, and which request stated that it was not made because the petitioner had failed to fulfill any duty incumbent upon him as guardian *ad litem;* but on the other hand, stated that they believed him to have been conscientious in the position that he had taken and their only objection was that it was not the position which individually they wished to take. He represented all of the minors at the first hearing in July, 1928, before the Circuit Court, and represented all of the minors except Kathleen Collins at the second hearing in September, 1929, before the Circuit Court, and represented Ethel Lillian Collins, *non compos mentis,* at six references and two hearings before the Circuit Court and two arguments before the Supreme Court and was her sole representative and attorney from February 14, 1927, until the filing of the remittitur from the Supreme Court on August 14, 1931. (See 161 S. C., 387, 159 S. E., 787.)

"On August 26, 1931, the petitioner filed his petition in the Court of Common Pleas for Spartanburg County setting forth his services and asking that he be allowed by the Court a fee of Five Thousand Dollars and expenses in the amount

of One Hundred and Twenty-five Dollars for services rendered by him in the above-entitled action.

"Upon proper notice, a reference to take the testimony was ordered and the matter came on for a hearing before Judge T. S. Sease, presiding Judge of the Seventh Judicial Circuit, upon testimony taken before the Master. All parties in interest appeared by counsel. The minor defendants having answered and contested the amount of the claim, the cause was argued before Hon. T. S. Sease, presiding Judge of the Seventh Judicial Circuit, and, on December 12th, 1931, he filed an order allowing the petitioner the sum of Three Thousand Dollars and the additional sum of One Hundred and Twenty-five Dollars for expenses. Thereafter, notice of appeal from the order of his Honor was duly filed."

It appears that the petitioner has served in three different phases of this litigation. In one branch, known as the contract case, he charged a fee of $100 and $25 as expenses, which amounts were paid upon presentation, and this charge is not herein involved. The services rendered before the master and in both Circuit and Supreme Courts are the basis for his claim.

That the petitioner did an unusual amount of work is fully admitted. It is true that he did not succeed in his contentions before this Court, but he is to be commended for his earnest efforts and for the deep interest manifested for the minor children represented by him as guardian *ad litem*. He seems to have carried out to the fullest the directions given in the case of *Cagle v. Schaefer*, 115 S. C., 35, 104 S. E., 321, relative to the duties of guardians *ad litem*.

If we followed closely the record in regard to his own testimony, the benefits derived by the minors from his services, a comparison of the fee claimed by him with the fees paid to older and more experienced attorneys who were actively engaged in the main case and other indicative facts and circumstances, we should be forced, against our better

judgment, to reduce the claim of the petitioner to a sum far below the figure claimed by him or the sum allowed by the Circuit Judge, and even below the amount to which this Court thinks he is entitled.

We cannot sustain the contention of the respondents that a contract was made between the petitioner and the estate whereby the petitioner would accept $500.00 for his services in the Circuit Court. It is true the petitioner made the offer, but it was neither accepted nor rejected by the executor, and hence did not become a completed contract. This offer is, however, very pertinent as showing what value the petitioner estimated his services in the Circuit Court would be worth. This offer did not include the work incident to an appeal to this Court. If, in the opinion of the petitioners, his services in the Circuit Court were valued at $500.00, what valuation should be placed upon his further services in this Court? Two arguments in the Circuit Court consisted of twenty pages (single spaced) and seven pages, practically forty-seven pages, while the argument in this Court consisted of only six and one-half pages. In addition to this, the petitioner testified: "I think the work I did in the Circuit Court was more valuable than the work I did in the Supreme Court."

It would thus appear that the only reason for allowing a fee of more than six or seven hundred dollars to the petitioner is that he underestimated the amount of work to be done when he offered to accept $500.00 for his Circuit Court services. A careful examination of the record convinces us that the work performed by the petitioner was reasonably worth the sum of $1,750.00, and this amount should be paid to him in equal portions from the funds of each of the five heirs represented by the petitioner.

The judgment of this Court is that the judgment of the Circuit Court be modified as herein expressed.

Mr. Chief Justice Blease and Messrs. Justices Stabler, Carter, and Bonham concur.